[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13080
Non-Argument Calendar
_____

Agency No. A099-140-529

KEVON O'GARRO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 22, 2015)

Before WILSON, JULIE CARNES, and FAY Circuit Judges.

PER CURIAM:

Kevon O'Garro, a native and citizen of Trinidad and Tobago, seeks review

of the Board of Immigration Appeals' (BIA) final order affirming the Immigration

Judge's (IJ) decision to pretermit his application for cancellation of removal, pursuant to the Immigration and Nationality Act (INA) § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).  O'Garro argues that INA § 239(a)(1), 8 U.S.C. § 1229(a)(l) is unambiguous and must be honored.  Thus, his continuous physical presence in the U.S., for purposes of eligibility for cancellation of removal, was not stopped when he was served with a notice to appear (NTA) that lacked the time and place at which his initial removal proceeding would be held.  Instead, his time was stopped by the notice of hearing, which was sent after he was physically present in the U.S. for ten years and four months, so he remains eligible for cancellation of removal, and his merits hearing in Immigration Court should be resumed.

We review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Where the BIA agrees with the IJ's reasoning, we review the IJ's decision to that extent.  *See Kazemzadeh v. U.S. Att'y Gen.,* 577 F.3d 1341, 1350 (11th Cir. 2009).  Here, the BIA did not expressly adopt the IJ's decision but agreed with the IJ's findings.  Thus, we review both decisions to that extent.  *See id.*  Although we typically lack jurisdiction to review the BIA's denial of an INA § 240A, 8 U.S.C. § 1229b application for cancellation of removal pursuant to INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i), we retain jurisdiction to review questions of law.  INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *Alhuay v. U.S.*

2

*Att'y Gen.*, 661 F.3d 534, 549 (11th Cir. 2011) (per curiam).  To the extent that the BIA's or IJ's decision was based on a legal determination, we review that decision de novo.  *Nreka v. U. S. Att'y Gen.*, 408 F.3d 1361, 1368 (11th Cir. 2005).

Section 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1), states, in relevant part, that "[t]he Attorney General may cancel removal of, and adjust to the status of an [immigrant] lawfully admitted for permanent residence, an [immigrant] who is inadmissible or deportable from the United States if the [immigrant]—[among other requirements] (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application . . . "  However, "[a]ny period of . . . continuous physical presence in the United States shall be deemed to end . . . when the [immigrant] is served a notice to appear under [INA § 239(a), 8 U.S.C. § 1229(a)]."  INA § 240A(d)(1), 8 U.S.C. § 1229b(d)(1).  This provision is commonly referred to as the "stop-time" rule.  *Tefel v. Reno*, 180 F.3d 1286, 1289 (11th Cir. 1999).

Section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), provides, in relevant part:

> In removal proceedings under [INA§ 240; 8 U.S.C. § 1229a], written notice (in this section referred to as a "notice to appear") shall be given . . . to the [immigrant] . . . specifying the following:
>
> > (A) The nature of the proceedings against the [immigrant].
> > (B) The legal authority under which the proceedings are conducted.
> > (C) The acts or conduct alleged to be in violation of law.

3

(D) The charges against the [immigrant] and the statutory
   provisions alleged to have been violated.
 (G)(i) *The time and place at which the proceedings will be
held*.

INA § 239(a)(1), 8 U.S.C. § 1229(a)(1) (emphasis added).

When a statute is ambiguous with respect to a particular issue, a court must determine whether the agency's answer was based on a permissible construction of the statute. *Chevron U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 843, 104 S. Ct. 2778, 2782 (1984). "[T]he BIA should be accorded *Chevron* deference as it gives ambiguous statutory terms concrete meaning through a process of case-by-case adjudication." *INS v. Aguirre-Aguirre*, 526 U.S. 415, 425, 119 S. Ct. 1439, 1445 (1999) (internal quotation marks omitted).

The BIA's interpretation of the stop-time rule permissibly construes the text of the statute and the context in which it appears. *Chevron*, 467 U.S. at 843, 104 S. Ct. at 2782. The statute identifies a particular form that must be served on the individual, but it does not say that only a form that contains every item, including a yet-to-be-determined time and date for a hearing, stops the ten-year clock. *See* INA § 240A(d)(1), 8 U.S.C. § 1229b(d)(1). In *In re Camarillo*, the BIA stated that "the best reading of the statute as a whole is that Congress intended the phrase 'under section [1229](a)' after 'notice to appear' to specify the document the DHS must serve on the [immigrant] to trigger the 'stop-time' rule." 25 I. & N. Dec. 644, 647 (2011). According to the BIA, "[a] primary purpose of [an NTA] is to inform

an [immigrant] that the Government intends to have him or her removed from the country, but the inclusion of the date and time of the hearing is not necessary for the Government's intention in this regard to be conveyed." *Id.* at 650.  We defer to the BIA's interpretation of the stop-time rule.  *Aguirre-Aguirre*, 526 U.S. at 425, 119 S. Ct. at 1445.  Thus, the BIA did not err in determining that O'Garro did not establish his eligibility for cancellation of removal.  Upon review of the record and consideration of the parties' briefs, we deny O'Garro's petition.

**PETITION DENIED.**